IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VICTOR RIOS CHAVEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-097 |
| ) | |
| STACEY N. STONE, Warden; ) | |
| ANDREW SOLOMON, Optometrist; ) | |
| and STACEY GILES, Health Services ) | |
| Administrator, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**
_____

Plaintiff, an inmate incarcerated at McRae Correctional Institution ("MCI") in McRae, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I.  **SCREENING OF THE COMPLAINT**

Plaintiff names the following as Defendants in this case: (1) Stacey N. Stone, Warden at MCI; (2) Stacy Giles, Health Administrator at MCI; and, (3) Andrew Solomon, Optometrist for MCI. (See doc. no. 1, pp. 1, 7-8.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In 2015, while incarcerated at the Federal Correctional Facility at Beaumont Low, Plaintiff began experiencing extreme headaches and vision loss in his left eye. (Id. at 10.) The Health Services Department referred Plaintiff to the prison's optometrist, who examined Plaintiff and found that Plaintiff's left eye was eligible for cataract surgery. (Id.) As a result, the prison referred Plaintiff to an ophthalmologist. (Id.) Before Plaintiff was able to see the ophthalmologist, however, he was transferred to MCI. (Id.)

Upon arriving at MCI, Plaintiff complained of his symptoms of headaches and loss of vision in his left eye. (Id.) In June of 2015, MCI referred Plaintiff to the prison's optometrist, Andrew Solomon. (Id.) On June 11, 2015, Dr. Solomon examined Plaintiff. During the examination, Dr. Solomon told Plaintiff there was no doubt Plaintiff was experiencing a cataract in his left eye. (Id.) Dr. Solomon also conveyed to Plaintiff that surgery was a possibility but may take up to two years. (Id.) In response to this information, Plaintiff told Dr. Solomon that the cataract was clouding his vision to the point that he could not see nor read with his left eye. (Id.)

Dr. Solomon responded that it would be impossible for Plaintiff to receive surgery while at MCI because his eyesight was not defective enough under BOP's policies to qualify for surgery. (Id.) Dr. Solomon also told Plaintiff to not worry because many people live with cataracts. (Id.) Plaintiff proceeded to show Dr. Solomon his records from FCC Beaumont which showed the outside referral to an ophthalmologist for surgery. (Id. at 11.) Upon examining Plaintiff's records, Dr. Solomon told him that surgery at FCC Beaumont had apparently been approved but that he was transferred to MCI so that the prison could evade providing him surgery. (Id.) Dr. Solomon further relayed that he could be of no

assistance in obtaining surgery for Plaintiff and that he should contact an attorney. (Id.) Plaintiff continues to suffer headaches and loss of vision in his left eye and has repeatedly requested surgery from MCI. (Id.) In his request for relief, Plaintiff only asks for an injunction. (Id. at 6.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants. See Farmer v. Brennan, 511 U.S. 824, 834-39 (1994); Alba v. Montford, 517 F.3d 1249, 1252 n. 5 (11th Cir. 2008) (leaving open the question of whether a claim for injunctive relief based on deliberate indifference can be brought under Bivens).

## II.  INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants. The United States Marshal shall mail a copy of the complaint (doc. no. 1) and this Order by first-class mail and request that the defendants waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 90 days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m).

Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendants, or upon their defense attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>. The defendants shall ensure that Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the last answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate

that there is no opposition to a motion." Loc. R. 7.5.  Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion.  Loc. R. 7.5, 56.1.  A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5.  Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 24th day of March, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA