IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| VICTOR RIOS CHAVEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-097 |
| ) | |
| STACEY N. STONE, Warden; ) | |
| ANDREW SOLOMON, Optometrist; ) | |
| and STACEY GILES, Health Services ) | |
| Administrator, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at McRae Correctional Facility ("MCF") in McRae, Georgia, filed this civil rights case and is proceeding *pro se*. Presently before the Court is Plaintiff's motion for a preliminary injunction. (Doc. no. 18.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

**I.    BACKGROUND**

Taking all of Plaintiff's allegations as true, the facts are as follows. In 2015, while incarcerated at the Federal Correctional Facility at Beaumont Low ("FCC Beaumont"), Plaintiff began experiencing extreme headaches and vision loss in his left eye. (Doc. no. 1, p. 10.) The Health Services Department referred Plaintiff to the prison's optometrist, who examined and found Plaintiff's left eye was eligible for cataract surgery. (Id.) As a result,

the prison referred Plaintiff to an ophthalmologist. (Id.) Before Plaintiff was able to see the ophthalmologist, however, he was transferred to MCF. (Id.)

Upon arriving at MCF, Plaintiff complained of headaches and loss of vision in his left eye. (Id.) In June 2015, MCF referred Plaintiff to the prison's optometrist, Defendant Andrew Solomon. (Id.) On June 11, 2015, Dr. Solomon examined Plaintiff, confirmed the prior diagnosis of a cataract in the left eye, and conveyed to Plaintiff that surgery was a possibility but may take up to two years. (Id.) In response, Plaintiff told Dr. Solomon the cataract was clouding his vision to the point he could not see or read with his left eye. (Id.)

Dr. Solomon responded Plaintiff could not receive surgery while at MCF because his eyesight was not defective enough under BOP's policies to qualify for surgery. (Id.) Dr. Solomon also told Plaintiff to not worry because many people live with cataracts. (Id.) Plaintiff showed Dr. Solomon his records from FCC Beaumont, including the outside referral to an ophthalmologist for surgery. (Id. at 11.) Dr. Solomon told Plaintiff he was transferred to MCF so the prison could evade providing him surgery. (Id.) Dr. Solomon further relayed he could be of no assistance in obtaining surgery for Plaintiff and he should contact an attorney. (Id.) Plaintiff continues to suffer headaches and loss of vision in his left eye and has repeatedly requested surgery from MCF. (Id.) Plaintiff now seeks an injunction requiring Defendants to provide him with the surgery. (Doc. no. 18.)

## II. DISCUSSION

Plaintiff is not entitled to a preliminary injunction. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the

movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, Plaintiff has offered nothing to suggest a likelihood of success on the merits. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010). In cases of delayed or denied medical treatment, as with Plaintiff's claim, a "delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187–88 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002). A physical condition is serious only where "delay results in an inmate suffering a lifelong handicap or permanent loss." Weston v. Estes, No. 514CV00051AKKHGD, 2015 WL 4999701, at *4 (N.D. Ala. Aug. 21, 2015) (internal citations omitted). Furthermore, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical

treatment to succeed." Easley v. Dep't of Corr., 590 F. App'x 860, 869 (11th Cir. 2014) (quoting Hill, 40 F.3d at 1188).

Plaintiff presently cannot show Defendants' refusal to provide immediate cataract surgery is deliberate indifference. A delay in the surgery is not likely to cause permanent handicap or loss. Indeed, delaying the surgery should not affect Plaintiff's ability to recover should he have it in the future.[1] Furthermore, although Plaintiff has entered medical records of his diagnosis and cataract surgery recommendation, he has not supplied verifying medical evidence to establish the detrimental effects of not having the surgery. Thus, Plaintiff cannot satisfy the first prong of the test.

Additionally, Plaintiff has not shown he will suffer irreparable injury if the injunction is not granted. In order to satisfy the irreparable injury requirement, Plaintiff must show the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2nd Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (Plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury."). Although Plaintiff alleges he suffers from headaches, vision loss, and impaired ability to perform normal tasks, he does not contend his condition is life threatening. (See doc. no. 18, p. 4.) Furthermore, while he believes not

---

[1] See Mayo Clinic Staff, *Cataracts: Treatment*, Mayo Clinic (Aug. 31, 2016), http://www.mayoclinic.org/diseases-conditions/cataracts/diagnosis-treatment/treatment/txc-20215217 ("Delaying the procedure generally won't affect how well your vision recovers if you later decide to have cataract surgery.").

4

having the surgery increases his risk of developing secondary glaucoma and he "could potentially face blindness," he does not provide any facts indicating he is in immediate danger of these risks. (Id. at 3; doc. no. 20, p. 5.) Indeed, medical professionals agree cataract surgery is generally not urgent.[2] Thus, Plaintiff has not shown a substantial threat of a real and irreparable injury that is imminent.

Plaintiff also fails to establish the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party and the injunction would not be adverse to the public interest. Plaintiff argues "the cost Defendants will bear providing adequate care to Plaintiff does not outweigh the harm he will endure if this cataracts [sic] remain untreated" and the public interest will not be harmed since "taxpayers have a vested interest in ensuring that the constitutional rights of people in general are protected." (Doc. no. 20, p. 6-7.) However, these conclusory allegations do not establish the need for an injunction. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons absent extraordinary circumstances not present here. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Requiring prison officials to provide Plaintiff with immediate cataract surgery would be such an unwarranted interference. Plaintiff's failure to meet his burden as to these requisites necessitates a denial of his motion.

---

[2] See *Cataracts: Treatment*, *supra* note 1. ("For most people, there is no rush to remove cataracts because they usually don't harm the eye.").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for a preliminary injunction be **DENIED**. (Doc. no. 18.)

SO REPORTED and RECOMMENDED this 24th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA